**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO. B-06-477-05** |
| | § | |
| **BALDEMAR VALDEZ, JR.** | § | |

**OPINION & ORDER**

BE IT REMEMBERED, that on July 25, 2006, the Court **DENIED** Defendant's Motion for Severance. Dkt. No. 76.

Defendant has been charged with conspiracy "to transport and move . . . aliens who had come to, entered, and remained in the United States in violation of law in furtherance of said aliens' illegal presence in the United States and to conceal, harbor, and shield from detection such aliens" and with transporting and attempting to transport three illegal aliens. Dkt. No. 8, at 1–3. The indictment charging Defendant with these crimes also includes charges against four other individuals. *Id.* All five of the persons charged,[1] including Defendant, have been charged with conspiring "with each other[] and with other persons known and unknown to the Grand Jurors." *Id.* at 1.

When multiple persons are charged as co-conspirators, there is a presumption under Federal Rule of Criminal Procedure 8 that joinder of those persons in one trial is proper. *See* United States v. Martinez-Perez, 941 F.2d 295, 299 (5th Cir. 1991) (citation omitted); United States v. Webster, 734 F.2d 1048, 1052 (5th Cir. 1984) (citation omitted). However, severance may be granted under Federal Rule of Criminal Procedure 14(a) in certain circumstances. *See Martinez-Perez*, 941 F.2d at 300; *Webster*, 734 F.2d at 1052. Nonetheless, "severance will be denied unless defendants can demonstrate substantial prejudice to their rights." United States v. Simmons, 431 F.Supp.2d 38, 66 (D.D.C. 2006) (citing Zafiro v. United States, 506 U.S. 534, 539 (1993)). Therefore, unless there is a

---

[1] One of the five persons charged has already plead guilty. Dkt. No. 32.

serious risk that a specific trial right of one of the defendants will be violated or that the jury will be unable to render a fair judgment as to each of the defendants, severance will be denied and joinder is proper. *Id.* (quoting *Zafiro*, 506 U.S. at 539). Furthermore, less intrusive remedies, short of severance, are preferred. *Id.* For severance to be granted, a Defendant "must show that the threatened prejudice exists and can be remedied by severance alone." *Id.* (citations omitted).

In this case, Defendant moves for severance of his trial from that of his alleged co-conspirators. Dkt. No. 76. Defendant proffers five arguments as grounds for severance. *Id.* Defendant argues that (1) the codefendants in this case have made statements, which, if presented during his trial, would violate "his Sixth Amendment right to confrontation and his Fifth Amendment right not to be deprived of liberty or property without due process of law;" (2) if he is tried together with the codefendants, he will be deprived of exculpatory testimony which would otherwise be presented by one of the codefendants; (3) evidence which is admissible against the other defendants is not be admissible as to him, and introduction of this evidence would be prejudicial to his case; (4) his defense is "conflicting, and adverse and antagonistic with the Co-Defendants," thereby making a joint trial prejudicial; and (5) there are admissible prior felony convictions against the codefendants. *Id.* at 1–3. The Court will address each of these arguments in turn.

Defendant's first argument, that statements of the codefendants should not be admitted in this Defendant's trial, fails. Statements or confessions made by codefendants do not present grounds for severance unless the "statement on its face implicates the defendant." United States v. Najjar, 300 F.3d 466, 475 (4th Cir. 2002) (citing United States v. Locklear, 24 F.3d 641, 646 (4th Cir. 1994)). Therefore, Defendant's argument that the mere admission of statements made by the codefendants would violate his rights is incorrect. Furthermore, even statements which facially implicate the Defendant may be admitted if they are redacted in a manner "to eliminate any facial incrimination" of the Defendant. *See id.* In this case, the Court has already ordered the Government to submit any confessions or statements of the Defendants which may be introduced at trial. Dkt. No. 130. Therefore, if the Court discovers any statements which facially implicate the

Defendant when the Government complies with that Order, the Court will determine the proper disposition of those statements at that time.[2]

Defendant's second argument also fails. For severance to be granted on the basis of the existence of potentially exculpatory testimony of a codefendant, the Defendant must demonstrate that he needs the testimony, what the substance of the testimony would be, that the testimony would in fact be exculpatory, and a substantial likelihood that the codefendant would actually testify at a separate trial. *See* Taylor v. Singletary, 122 F.3d 1390, 1393 (11th Cir. 1997); United States v. Van Hemelryck, 945 F.2d 1493, 1501 (11th Cir. 1991); Byrd v. Wainwright, 428 F.2d 1017, 1019–22 (5th Cir. 1970). The most important showing is "that the testimony would be exculpatory in effect." *Byrd*, 428 F.2d at 1020; *see also Taylor*, 122 F.3d at 1393. Thus, in order to meet this requirement, "[t]he movant must make a clear showing of what the codefendant would testify to." *Byrd*, 428 F.2d at 1020; *see also Taylor*, 122 F.3d at 1393. Finally, even if the Defendant makes this showing, the Court must then consider other factors, such as "the significance of the testimony, the prejudice caused by the absence of the testimony, the timeliness of the motion and the effect on judicial administration and economy of resources." *Van Hemelryck*, 945 F.2d at 1501 (quoting United States v. Leavitt, 878 F.2d 1329, 1340 (11th Cir. 1989)).

In this case, Defendant has not made any of the requisite showings. Defendant's conclusory and self-serving statement that he "anticipates" exculpatory evidence from a codefendant is insufficient to establish the basis for granting a severance of Defendant's trial. Dkt. No. 76, at 2. Defendant has provided no evidence of what the allegedly exculpatory testimony would be or of how it would be exculpatory, and he has not established that the codefendant who would be providing the testimony would actually be willing to testify. Moreover, Defendant has failed to even state *which* codefendant will provide the exculpatory testimony. Defendant has not established grounds for a severance based on this argument.

Defendant's third basis is effectively an argument that there will be a prejudicial spillover effect if evidence is admitted against the codefendants which would not be

---

[2]If severance is appropriate, it will be ordered at that time.

admissible against him. Dkt. No. 76, at 2. Defendant's contention, however, is purely speculative at this time. *See Najjar*, 300 F.3d at 473. Defendant provides no indication of what this prejudicial evidence might be or of how he will be prejudiced by its admission. Furthermore, "prejudicial spillover warranting severance is, in general, 'an unlikely occurrence when all the defendants are charged under the same conspiracy count.'" United States v. Ramos, 346 F.Supp.2d. 567, 572 (S.D.N.Y. 2004) (quoting United States v. Cardascia, 951 F.2d 474, 483 (2d Cir. 1991)). Finally, Defendant presents no basis to believe that any prejudice which may result from the admission of evidence against the codefendants could not be cured by a limiting instruction to the jury. *See Zafiro*, 506 U.S. at 539. Defendant's third argument also fails.

Defendant's next basis for severing his trial is that he will present a defense "that is conflicting, and adverse and antagonistic with the Co-Defendants." Dkt. No. 76, at 3. Again, Defendant's contention is merely speculative. *See Najjar*, 300 F.3d at 473. A showing of only some antagonism and prejudice generally is insufficient for a district court to grant severance. *See* United States v. Berkowitz, 662 F.2d 1127, 1133 (5th Cir. 1981) (citations omitted). "Mutually antagonistic defenses are not prejudicial *per se.* Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538–39. To warrant severance, the defendant's defense must be such as to require the jury to disbelieve the core of a codefendant's defense if they are to believe the core of the defendant's defense. *Najjar*, 300 F.3d at 474; United States v. Romanello, 726 F.2d 173, 177 (5th Cir. 1984); *Berkowitz*, 662 F.2d at 1134. Lesser antagonism or conflict between two defenses, such as some hostility between defendants or an attempt by one defendant to exculpate himself by inculpating another defendant, are "insufficient grounds to require separate trials." *Najjar*, 300 F.3d at 474 (quoting United States v. Spitler, 800 F.2d 1267, 1271 (4th Cir. 1986)).

In this case, Defendant offers no evidence of what either his defense or the defenses of the codefendants will be. Without this information, any argument that the defenses are mutually antagonistic to the point of warranting severance cannot be more

than mere speculation, because the Court has no basis upon which to evaluate such a claim.

Finally, Defendant contends that he is entitled to a separate trial because "the Co-Defendants may have prior felony convictions, which are admissible." Dkt. No. 76, at 3. The possibility that codefendants *may* have prior convictions, which *may* be admissible, which *may* be introduced by the Government is "too remote to warrant severance at this time." United States v. Abrams, 539 F.Supp. 378, 382 (S.D.N.Y. 1982). Furthermore, "if problems do arise, they can be remedied by means short of severance." *Id.* at 383. Thus, Defendant's final argument fails to provide a basis for severance of his trial.

Based on the foregoing, the Court **DENIES** Defendant's Motion for Severance. Dkt. No. 76. Nonetheless, the Court will continu[e] to monitor the entire trial for prejudice and [will] order severance if such prejudice does arise." *Berkowitz*, 662 F.2d at 1132 (citing Schaffer v. United States, 362 U.S. 511, 516 (1960); United States v. Clark, 480 F.2d 1249, 1252 (5th Cir. 1973)).

DONE at Brownsville, Texas, this 25th day of July, 2006.

_____
Hilda G. Tagle
United States District Judge